UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                       :

AAKASH DALAL,                         :

                  Plaintiff,       :

                                      :        26-CV-1009 (JMF)

      -v-                        :

                                      :         <u>ORDER</u>

THE TRUSTEES OF COLUMBIA UNIVERSITY IN  :
THE CITY OF NEW YORK et al,         :

                                    :

                  Defendants.   :

                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On February 5, 2026, Plaintiff, proceeding without counsel, filed a Complaint in which he invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 ("Compl."), ¶ 1. Although Plaintiff states that "this action arises between citizens of different states," *id.*, he merely alleges his state of residence, not his state of citizenship, *id.* ¶ 3.

This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **May 6, 2026**, Plaintiff shall file a declaration attesting to his state of *citizenship*.  If, by that date, Plaintiff does not file a declaration establishing this Court's subject-matter jurisdiction, the Court may dismiss the case without prejudice and without further notice to any party.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: April 22, 2026
      New York, New York                           _____
                                                    JESSE M. FURMAN
                                                    United States District Judge

2